IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD INGRAM | § | |
| (TDCJ No. 1669001), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-941-E-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Patrick Bernard Ingram, a Texas prisoner, filed a *pro se* Motion Pursuant Rule 60(b) Federal Rule of Civil Procedure [Dkt. No. 3], prompting the Clerk's office to open this habeas action under 28 U.S.C. § 2254, an action that was then referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

Because Ingram's motion is an unauthorized successive habeas petition, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

"At trial, a jury convicted Ingram of two counts of indecency with a child based on Ingram exposing himself to two children, but during Ingram's state habeas proceedings, the Texas Court of Criminal Appeals vacated one of the counts as a violation of the Double Jeopardy Clause." *Ingram v. Davis*, No. 16-11388, 2017 WL

6506585, at *1 (5th Cir. June 5, 2017). This Court then denied his initial Section 2254 application, challenging the remaining state conviction. *See Ingram v. Davis*, No. 3:14-cv-1748-N-BH, 2016 WL 4597511 (N.D. Tex. Aug. 5, 2016), *rec. accepted*, 2016 WL 4593514 (N.D. Tex. Sept. 2, 2016), *C.O.A. denied*, 2017 WL 6506585 (5th Cir. June 5, 2017).

Ingram now challenges the state habeas proceedings as infirm under Rule 60(b). *See generally* Dkt. No. 3 (asserting that such a challenge should "not [be] treated as second or successive habeas petition"). But where "a petitioner, through a pleading titled as a motion under Rule 60(b), 'alleges several defects in the integrity of various state proceedings' but 'does not attack the integrity of his previous federal habeas proceeding,' the pleading is properly construed as a habeas petition that is 'second or successive.'" *Dawson v. 291st Judicial District Court of Dallas Cnty., Tex.*, No. 3:18-cv-759-M-BN, 2018 WL 2306989, at *2 (N.D. Tex. Apr. 23, 2018) (quoting *Crissup v. Stephens*, No. 2:12-CV-272, 2013 WL 4538125, at *2 (S.D. Tex. Aug. 27, 2013)), *rec. accepted*, 2018 WL 2299151 (N.D. Tex. May 21, 2018).

28 U.S.C. § 2244

lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.

...

Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend

> to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Ingram's current claims are an attack on his underlying conviction – and, more to the point, his claims allege defects in that conviction that "existed ... at the time of the prior [federal] petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial Section 2254 application. *Id.* at 222. He is therefore currently attempting to present claims that are successive. *See id.* at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").[1]

Ingram's failure to obtain authorization from the Fifth Circuit under 28 U.S.C.

---

[1] *See also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

§ 2244(b)(3) deprives the Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court should cure this want of jurisdiction by transferring the application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer the construed successive habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE